**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

BADAR KHAN SURI,

*Petitioner*,

v.

DONALD J. TRUMP, *et al*.,

*Respondents*.

Case No. 1:25-cv-00480 (PTG/WBP)

# FEDERAL RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

## INTRODUCTION

Badar Khan Suri ("Suri") is a citizen and national of India who entered the United States on an exchange visitor visa in December 2022. He alleges he was arrested by U.S. Immigration and Customs Enforcement ("ICE") and charged with removability under 8 U.S.C. § 1227(a)(4)(C). He challenges the lawfulness of his immigration detention, which he alleges is due to his support for Hamas—a designated Tier I foreign terrorist organization—and therefore has filed this "Petition for a Writ of Habeas Corpus" seeking his immediate release from ICE custody on that basis. *See generally*, Petition (ECF #1).

The Court should dismiss the petition. Suri was not detained in this district at the time his petition was filed. Under a straightforward application of 28 U.S.C. § 2241(a) and *Padilla v. Rumsfeld*, 542 U.S. 426 (2004), this Court thus lacks habeas jurisdiction over this action. The Court should thus dismiss the petition without prejudice so that Suri can refile in his district of confinement—the Northern District of Texas—or transfer this case to that district under § 1404(a), with the government's consent. To be clear, given the INA, no federal court has the authority to grant any habeas relief in this matter. But should Suri seek to still file a habeas petition, the proper court to reject it sits in the Northern District of Texas (Dallas Division).

## BACKGROUND

### I. Suri's Immigration History and Detention.

Suri, a citizen and national of India, entered the United States on an exchange visitor visa in December 2022. *See* Declaration of Deputy Field Office Director, ERO Virginia Field Office, Joseph Simon ("Simon Decl.") (ECF #26-1) ¶ 5. Suri is a nonimmigrant visitor, and is not a lawful permanent resident of the United States. *Id.* On March 17, 2025, ICE Special Agents from Homeland Security Investigations ("HSI") arrested Suri at 9:30 p.m. in Arlington, Virginia

pursuant to an I-200, Warrant of Arrest. *Id.* ¶ 7. HSI transported Suri to the ICE Enforcement and Removal Operations ("ERO") Washington office in Chantilly, Virginia for the purpose of initial processing. *Id.*

ICE's ERO Washington office made detention arrangements while Suri was in Virginia. *Id.* ¶¶ 9-12. Due to the lack of detention space available at the Farmville Detention Center or the Caroline Detention Facility, those arrested by ICE in that area of responsibility (AOR) are often detained at facilities in other AORs, which is an operational necessity to prevent overcrowding at ICE facilities. *Id.* ¶¶ 8-9. On the evening of March 17, 2025, while processing Suri, ERO Washington requested and obtained bedspace for Suri from the ERO Dallas. *Id.* ¶ 9. Upon confirmation that bedspace was available at the Prairieland Detention Facility in Alvarado, Texas, ERO Washington determined that Suri would be detained there. *Id.*

While at the ERO Washington office, Suri was issued a Notice to Appear ("NTA"), which charged him as removable pursuant to 8 U.S.C. § 1227(a)(4)(C)(i). *Id.*; *see also* NTA (exhibit to Simon Decl.). HSI also served Suri with a Notice of Custody Determination, notifying him that his detention was governed by 8 U.S.C. § 1226(a) (immigration custody during removal proceedings). *Id.* ¶¶ 6-7. The NTA also notified him that he would be detained at the Prairieland Detention Center, located at 1209 Sunflower Lane, Alvarado, Texas and that his removal proceedings would take place while at that facility. Simon Decl., Exh. 1. The NTA indicates his first hearing will take place remotely from Prairieland Detention Center on May 6, 2025 at 8:30 a.m. before an immigration judge from the Post Isabel Immigration Court. *Id.*

At approximately 2:35 a.m. on March 18, 2025, Suri arrived at the Farmville Detention Center ahead of his flight to Louisiana. On March 18, 2025, Suri was transported from the Farmville Detention Center to the ERO Washington office in Chesterfield, Virginia. *Id.* ¶ 11. He

arrived at that office at approximately 7:50 a.m. that day. *Id.* Suri was brought to the airport in Richmond, Virginia to be transported to Alexandria, Louisiana. *Id.* The flight departed Richmond, Virginia at 2:47 p.m. on Tuesday, March 18, 2025. *Id.* He arrived in Alexandria, Louisiana at approximately 5:03 p.m. Eastern Daylight Time (4:03 p.m. Central Daylight Time) on March 18, 2025. *Id.*

Suri was then transported to the Alexandria Staging Facility in Alexandria, Louisiana. *Id.* at ¶¶ 11-12. The Alexandria Staging Facility holds male detainees at various security classification levels for less than 72 hours.[1] Suri spent transit time at the Alexandria facility because it is on the standard flight path of the transporting aircraft. From Alexandria he was transported by ground transport to the Prairieland Detention Facility. Simon Decl. ¶ 12.

On March 21, 2025, Suri was transported to the Prairieland Detention Facility in Alvarado, Texas, where he remains. *Id.* ¶ 13. As noted previously, he is scheduled to appear in a remote hearing from Prairieland Detention Center on May 6, 2025 at 8:30 a.m. before an immigration judge from the Post Isabel Immigration Court. Simon Decl., Exh. 1.

## II. Suri's Habeas Petition

According to Suri, on Tuesday, March 18, 2025 at 5:59 p.m., Suri's counsel served the instant habeas petition under 28 U.S.C. § 2241 on the U.S. Attorney's Office while Suri was physically present in Louisiana, en route to the Prairieland Detention Facility in Alvarado, Texas. Simon Decl. ¶ 11. Suri's petition challenges his current immigration detention as unlawful, and he seeks an order from this Court requiring ICE to immediately release him. Pet. (ECF #1).

On March 20, 2025, Suri filed a "Motion to Compel Respondents to Return Petitioner to this District." ECF #5. He brings that motion "pursuant to the All Writs Act, 28 U.S.C. § 1651,

---

[1] https://www.ice.gov/doclib/foia/odo-compliance-inspections/alexandriaStagingFac_AlexandriaLA_Aug27-29_2024.pdf

and the Court's inherent equitable authority," and he seeks an order from the Court compelling ICE to return him to Virginia. *Id.* at 1. He argues that such relief is necessary because he claims ICE sought to interfere with and disrupt the habeas court's jurisdiction and because his detention anywhere other than Virginia interferes with his access to counsel, the Court, and his wife. *Id.* at 1, 9. Those claims are addressed in a separate opposition, filed concurrently herewith.

**ARGUMENT**

No federal court can grant Suri habeas relief in this matter.[2] But this Court should not even reach that issue, because it is not the proper venue and lacks habeas jurisdiction over Suri's petition. At the time the Petition was filed, Suri was located at the Alexandria Staging Facility in Alexandria, Louisiana, which is within the Alexandria Division of the Western District of Louisiana, en route to the Prairieland Detention Facility in Alvarado, Texas, which is located in the Dallas Division of the Northern District of Texas. That is dispositive; this Court cannot hear this case. The Court should therefore dismiss this case without prejudice, or in the alternative, transfer the matter to the Dallas Division of the Northern District of Texas.

---

[2] Suri's habeas claims are presently barred by the INA. 8 U.S.C. §§ 1226(e), 1252(a)(2)(B)(ii), 1252(b)(9); *see also*, *e.g.*, *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1033 (9th Cir. 2016); *Taal v. Trump*, No. 3:25-cv-335 (ECC/ML), 2025 U.S. Dist. LEXIS 57002, *3-4 (N.D.N.Y. Mar. 27, 2025) (finding §§ 1252(a)(5) and (b)(9) bar review because "[a] challenge to the basis for commencing his removal proceedings… is 'part of the process by which… removability will be determined,' and Taal's claims therefore 'arise from' the removal proceedings" (quoting *P.L. v. U.S. ICE*, No. 1:19-cv-01336, 2019 U.S. Dist. LEXIS 104478, *11 (S.D.N.Y. June 21, 2019)); *Trabelsi v. Crawford*, No. 1:24-cv-01509, 2024 U.S. Dist. LEXIS 241753, *16 (E.D. Va. Dec. 2, 2024) ("…courts have recognized that challenges to detention that do not focus on the length of detention or the conditions of detention are foreclosed by Section 1252(b)(9) because they arise out of the removal process. Indeed, here, Petitioner challenges the decision to detain him in the first place, which a plurality of the Supreme Court has indicated falls within the ambit of Section 1252(b)(9)'s jurisdiction-stripping provisions." (internal marks and citations omitted)).

## I. Venue is Improper in this Court

A habeas petition brought under 28 U.S.C. § 2241 challenging detention must be brought against the "immediate custodian" and filed in the district in which the petitioner is detained. The Eastern District of Virginia is not the proper venue because Suri was not detained in this district at the time he filed his habeas petition and is not detained here now. Simon Decl. ¶¶ 11-13. Rather, the petitioner's attorney filed the habeas petition in this Court after Suri landed in Louisiana, ultimately en route to the Prairieland Detention Facility located in Alvarado, Texas. Simon Decl. ¶¶ 11-12; Simon Decl., Exh. 1. Thus, the Court lacks personal jurisdiction over the immediate custodian, and the Eastern District of Virginia is not the proper venue for this case. Consequently, the Court should either dismiss this action or transfer it.

The Supreme Court has made clear that in "core" habeas petitions—*i.e.*, petitions like the instant one that challenges the petitioner's present physical confinement—the petitioner must file the petition in the district in which he is confined (*i.e.*, the district of confinement) and name his warden as the respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004). In *Padilla*, the Supreme Court described habeas petitions challenging a petitioner's present physical confinement (*i.e.*, detention) as "core" habeas petitions. *Id*. at 445. For review of such "core" petitions, "jurisdiction lies in only one district: the district of confinement." *Id*. at 443. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."[3] *Id*. at 447; *see also id*. at 443 (explaining that "[t]he plain language of the habeas statute thus confirms

[3] In adopting the "immediate custodian" rule, the Supreme Court rejected the "legal reality of control" standard and held that legal control does not determine the proper respondent in a habeas petition that challenges present physical confinement. *See Padilla*, 542 U.S. at 437-39; *see also id*. at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

In embracing the "immediate custodian" rule, the Supreme Court explained that limiting a district court's jurisdiction to issue a writ to custodians within their jurisdiction "serves the important purpose of preventing forum shopping by habeas petitioners." *Padilla*, 542 U.S. at 447 (observing that the result of disregarding the immediate custodian rule "would be rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation [in 1867]").

Although *Padilla* addressed a habeas petition outside of the immigration context, the Fourth Circuit has readily applied *Padilla*'s holding and logic to non-penal—and even non-physical—confinement. *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011) (applying *Padilla* to habeas petition of conscientious objector who was refused a discharge); *accord Fisher v. Unknown*, No. 23-7069, 2024 U.S. App. LEXIS 31953, at *2 (4th Cir. Dec. 17, 2024) (applying *Padilla* to a petition filed by a civilly-committed petitioner). "A habeas petitioner who is physically confined must name this 'immediate custodian' as the habeas respondent, and must file the habeas petition in the 'district of confinement.'" *Kanai*, 638 F.3d at 255. (quoting *Padilla*, 542 U.S. at 446-47). "In that circumstance, the 'district of confinement' necessarily is the location of both the habeas petitioner and the immediate custodian." *Id.*; *accord United States v. Little*, 392 F.3d 671, 676 (4th Cir. 2004).[4] As such, courts in this circuit have readily applied *Padilla*'s analysis to habeas petitions in the immigration context. *See*, *e.g.*, *Deng v. Crawford*, No. 2:20-cv-199, 2020 U.S. Dist.

---

[4] The Fourth Circuit recognizes one exception not applicable here, which is when the immediate custodian is unknown. *United States v. Moussaoui*, 382 F.3d 453, 465 (4th Cir. 2004). Here, the immediate custodian is known: it is the Warden of Prairieland Detention Facility, but the Warden is not within the *in personam* reach of this district.

LEXIS 205715, at *9 (E.D. Va. Sep. 30, 2020), *R&R adopted*, 2020 U.S. Dist. LEXIS 203209 (E.D. Va. Oct. 30, 2020); *Wamala v. U.S. ICE*, No. 3:19-cv-00067-FDW, 2019 U.S. Dist. LEXIS 211589, at *2 (W.D.N.C. Dec. 7, 2019); *Tairou v. Cannon*, No. 1:19-674-JFA-SVH, 2019 U.S. Dist. LEXIS 71819, at *2 (D.S.C. Apr. 5, 2019), *R&R adopted*, 2019 U.S. Dist. LEXIS 71460 (D.S.C. Apr. 29, 2019); *Kaisam v. Lynch*, No. JKB-16-2809, 2016 U.S. Dist. LEXIS 106711, at *2 (D. Md. Aug. 10, 2016); *Mi Hui Lu v. Lynch*, No. 1:15-cv-1100-GBL-MSN, 2015 U.S. Dist. LEXIS 164670 (E.D. Va. Dec. 7, 2015) ("The Immediate Custodian Rule Applies To A Habeas Petition Filed By An Individual Detained During Immigration Proceedings." (emphasis removed)); *see also Romero v. Evans*, 280 F. Supp. 3d 835, 842-43 (E.D. Va. 2017), *rev'd on other grounds sub nom.*, *Johnson v. Guzman Chavez*, 594 U.S. 523, 532 (2021). Recently, the Ninth Circuit "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).

Further, although the Fourth Circuit has yet to resolve whether § 2241(a)'s "within their respective jurisdictions" language is a matter of personal jurisdiction or venue, dismissal without prejudice (or transfer in the alternative) is appropriate under either lens.

To the extent the proper lens for reading § 2241(a)'s language is personal jurisdiction, it favors the Government's motion. Here, Suri had already touched down in Louisiana at the time the Petition was filed. Simon Decl. ¶ 11. The Petition could not have been served upon the former custodial Respondent (Jeffrey Crawford, Warden of Farmville Detention Center) until after Suri had already left his custody. "Service of process pursuant to Rule 4 serves two primary functions in a typical civil action in federal court: it provides formal notice to the defendant to appear and defend against an action that has been commenced in federal court, and it is the means by which

the court asserts its personal jurisdiction over the defendant." *United States v. Perez*, 752 F.3d 398, 405 (4th Cir. 2014). "[S]ervice of process is fundamental to the imposition of any procedural restraint on a named defendant, and enables the court to exercise personal jurisdiction over him." *Life Techs. Corp. v. Govindaraj*, 931 F.3d 259, 264-65 (4th Cir. 2019). In this case, the Court never obtained personal jurisdiction over Crawford at the time he was Suri's immediate custodian because he was not served until *after* Suri left his custody. And even if the Court considers only *in personam* jurisdiction without regard to service, Crawford was still not Suri's immediate custodian at the time of filing. Simon Decl. ¶¶ 9-11. Consequently, this Court never acquired personal jurisdiction over Suri's immediate custodian.

To the extent the proper lens for reading § 2241(a)'s "within their respective jurisdictions" language is as a venue provision, this reading still favors the Government. As noted previously, Suri had already left this district at the time the Petition was filed and was in Louisiana, ultimately *en route* to Texas. Simon Decl. ¶¶ 9-11; Simon Decl., Exh. 1. Therefore, this Petition was not properly filed in this district. *Little*, 392 F.3d at 680; *see also Nofflett v. United States*, No. 24-6487, 2024 U.S. App. LEXIS 29227, at *2 (4th Cir. Nov. 18, 2024); *United States v. Matteer*, 802 F. App'x 797, 798 (4th Cir. 2020); *see also Fuentes v. Choate*, No. 24-cv-01377-NYW, 2024 U.S. Dist. LEXIS 105474, at *30 (D. Colo. June 13, 2024) (dismissing without prejudice rather than transferring where the petitioner is no longer detained in the transferee court's district); *Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39, 47 (D. Mass. 2016).

Furthermore, it is worth noting *Ex parte Mitsuye Endo*, 323 U.S. 283 (1944) does not help Petitioner. As explained in *Padilla*, "*Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any

respondent within its jurisdiction who has legal authority to effectuate the prisoner's release[.]" *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). However, the Supreme Court explained, "*Endo*'s holding does not help respondents… [who were] moved from New York to South Carolina before his lawyer filed a habeas petition on his behalf" because "[u]nlike the District Court in *Endo*, therefore, the Southern District [of New York] never acquired jurisdiction over Padilla's petition." *Id.* Such is the case here, *Endo* does not help Petitioner because he was moved to Louisiana before the Petition was filed, and consequently, this Court never acquired jurisdiction over the petition, because no petition was ever "properly filed" in this district.

Finally, Respondents anticipate Suri will argue that an exception to *Padilla* should be created because he claims his transfer was retaliation for instituting this lawsuit. Such claim is unsupported by the facts. First, the transfer cannot be retaliatory for the simple reason that when the decision was made to detain Suri in Texas, the instant Habeas Petition was yet to be filed. Indeed, the decision to detain in Texas was made *the day before* this action was filed. Simon Decl. ¶¶ 9-13; Simon Decl., Exh. 1 (dated March 17, 2025). Second, the day before the Petition was filed, Suri was notified—via his NTA—that he would be detained at the Prairieland Detention Facility and that his immigration proceedings would take place in the Port Isabel Immigration Court, based in Los Fresnos, Texas. Simon Decl., Exh. 1. The NTA also notified Suri that he would appear remotely from the Prairieland Detention Facility at his hearing on May 6, 2025. *Id.* Indeed, his Petition indicates he was acutely aware that he would be detained in Texas to attend those proceedings. Pet. at ¶ 5 ("He is at imminent risk of being moved to a detention facility in Los Fresnos, Texas, on the Mexican border."). Third, transfers are routine in immigration detention, especially on initial intake. *E.g.*, *Wamala*, 2019 U.S. Dist. LEXIS 211589, *1 (transfer from facility near Charlotte to facility in Lumpkin, GA); *Tairou*, 2019 U.S. Dist. LEXIS 71819,

*2 (transfer from Charleston County Detention Center to Folkston ICE Processing Center in Folkston, GA); *see also Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 U.S. Dist. LEXIS 50870, *36 (S.D.N.Y. Mar. 19, 2025) ("…rapid transfers from one immigration detention facility to another also appear to be common[.]"). There is nothing "surreptitious" about following through on the detention decision that Suri was informed about via his NTA.

To claim that his transfer was retaliatory for instituting this lawsuit—notwithstanding he knew he would be detained in Texas before the lawsuit was filed—does not comport with reality and should be dismissed out of hand.

**II. The Court Should Either Dismiss or Transfer this Action**

Because this Court lacks habeas jurisdiction over this petition, the Court should dismiss this action without prejudice or transfer the petition forthwith under 28 U.S.C. § 1404(a). *Matteer*, 802 F. App'x at 798.

**A. Dismissal is More Appropriate than Transfer.**

Because the Petition is certainly *not* proper in this Court, the Court should not go further than is necessary and dismiss without prejudice to refiling in the proper district. The only place where habeas jurisdiction would be proper today is the Northern District of Texas. The case should be litigated there.

Because Suri's original petition was improperly filed here and did not name his immediate custodian at the time filed, no court has yet had proper habeas jurisdiction over this matter. The transfer statutes (28 U.S.C. §§ 1404(a) and 1406(a)) only permit transfer to districts where the case "could have been brought" originally. *See Hicks v. Duckworth*, 856 F.2d 934, 936 (7th Cir. 1988). Had Suri named his custodian in the Western District of Louisiana and filed his petition in that district on March 18, 2025, it might have been heard there. But that is not what happened, and because Suri is no longer in the Western District of Louisiana, the case cannot be transferred there

now. Section 2241(a) states that writs of habeas corpus "may be granted by … the district courts … within their respective jurisdictions." *Padilla* interpreted that text—namely, "jurisdiction[]"—to require that a habeas petitioner satisfy both the immediate custodian and district-of-confinement rules in order for a federal court to be able to issue a writ of habeas corpus. Here, the Western District of Louisiana would not have habeas jurisdiction over the Petition, as the Petition does not name his immediate custodian and he is no longer detained in that district.

A dismissal without prejudice would be more appropriate than transfer because the authority to transfer under 28 U.S.C. §§ 1404(a) and 1406(a) is less than clear. In similar situations, courts have dismissed rather than confronted the transfer authority issue. *E.g.*, *Fuentes*, 2024 U.S. Dist. LEXIS 105474, *29 (dismissing rather than transferring because "the availability of transfer in this peculiar procedural context" was unclear, and so "the Court declines to saddle [] the United States District Court for the District of Arizona with a difficult case when Ms. Villatoro Fuentes is no longer physically present there"); *Mendez v. Martin*, No. 15-408ML, 2016 U.S. Dist. LEXIS 61623, at *18 (D.R.I. Apr. 19, 2016), *R&R adopted*, 2016 U.S. Dist. LEXIS 61627 (D.R.I. May 10, 2016); *Gonzalez*, 152 F. Supp. 3d at 47 ("In the interest of efficiency, the court would be inclined to transfer this action to the District of South Dakota, rather than dismiss it without prejudice. However, the court lacks the authority to do so under the transfer statutes, all of which limit transfer to a district where the action could have been brought when it was initially commenced.").

**B. Transfer to the Northern District of Texas is Available.**

But should the Court consider transferring the petition, the proper transferee court is the Northern District of Texas, because it is the place of Suri's regular and "present physical confinement[.]" *Padilla*, 542 U.S. at 447. Respondents also consent to transfer to that district.

Here, Suri was only in transit between Virginia and Louisiana and is now "permanently"—meaning regularly and non-transitorily—housed at the Prairieland Detention Facility located in Alvarado, Texas. Simon Decl., Exh. 1. For the purposes of the § 2241(a) analysis, the Fourth Circuit has explained that transitory or temporary detention does not create § 2241(a) "jurisdiction" in every district in which a petitioner is held at some point. *United States v. Poole*, 531 F.3d 263, 275 (4th Cir. 2008). In *Poole*, the Fourth Circuit determined that the District of Maryland lacked jurisdiction over § 2241(a) petition filed by a prisoner permanently housed in Kentucky while that petitioner was temporarily in Maryland. *Id.*; *id.* at 271 ("[N]either its issuance of the writ of habeas corpus ad testificandum nor its order keeping Poole in Maryland transmuted Poole's temporary presence in the district into a permanent stay that effected a change in custodian."). Instead, the Court looks to where the petitioner is presently and regularly/non-transitorily confined for purposes of the § 2241(a) analysis. *Id.* at 273; s*ee Kanai*, 638 F.3d at 258 ("[T]he phrase 'within their respective jurisdictions' in § 2241(a) identifies the proper location of the federal district in which a habeas petition should be filed."); *accord Abraham v. Decker*, No. 18-CV-3481 (CBA), 2018 U.S. Dist. LEXIS 117219, at *8 (E.D.N.Y. July 11, 2018) (a "brief stint of two hours in Brooklyn" did not create § 2241(a) jurisdiction in E.D.N.Y.); *Jenkins v. Fed. Bureau of Prisons*, No. 2:17-cv-1951-AKK-JEO, 2018 U.S. Dist. LEXIS 27588, at *2 n.2 (N.D. Ala. Jan. 11, 2018) ("…while Jenkins is held in Illinois, that confinement is merely temporary, for the purpose of his being re-sentenced…. In such circumstances, Jenkins's immediate custodian for habeas purposes remains the warden of the prison where he is assigned to serve out his federal sentence[.]"), *R&R adopted*, 2018 U.S. Dist. LEXIS 26607 (N.D. Ala. Feb. 20, 2018).

In this case, Prairieland Detention Facility in Alvarado, Texas is where Suri is regularly and non-transitorily held, and thus the Northern District of Texas is the proper tribunal. Here, Suri

was in Louisiana by the time the petition was filed, pending final detention in Texas. Simon Decl. ¶¶ 9-11; Simon Decl., Exh. 1. Indeed, Suri has an immigration court hearing scheduled for May 6, 2025, which he will attend remotely from the Prairieland Detention Facility. Simon Decl., Exh. 1. Therefore, transferring the case to the Northern District of Texas because Suri's physical confinement in that district is present and non-transitory is entirely consistent with the practice of courts in this circuit – even in cases where transfer shortly follows the petition. *Little*, 392 F.3d at 676 ("On Little's § 2241 claim…, the Western District of North Carolina is not the proper venue to consider that claim because Little [was transferred and] is currently incarcerated in a federal medical center in Texas. Accordingly, we dismiss that claim without prejudice."); *Wamala*, 2019 U.S. Dist. LEXIS 211589, at *3 (transferring petition filed in W.D.N.C. to M.D. Ga. because petitioner "has since been transferred to the Stewart Detention Center in Lumpkin, Georgia"); *Tairou*, 2019 U.S. Dist. LEXIS 71460, at *1 (finding although petition filed while petitioner was in Charleston County Detention Center, transfer to S.D. Ga. was appropriate because "this court lacks personal jurisdiction over petitioner's custodian/respondent, the Warden of the ICE Processing Center in Folkston, Georgia."); *Juste v. Correct Care Recovery Sols.*, No. 4:16-3575-MGL-TER, 2017 U.S. Dist. LEXIS 28816, at *4 (D.S.C. Feb. 3, 2017), *R&R adopted*, 2017 U.S. Dist. LEXIS 27778 (D.S.C. Feb. 28, 2017); *see also Cody v. Phelps,* No. 8:20-cv-3298-SAL-JDA, 2020 U.S. Dist. LEXIS 252539, at *5 (D.S.C. Oct. 26, 2020) (recommending transfer of habeas petition to district of present confinement), *R&R adopted*, 2021 U.S. Dist. LEXIS 61498 (D.S.C. Mar. 31, 2021). That Suri was already out of the district and en route to the Northern District of Texas at the time the habeas petition was filed also supports the conclusion that personal jurisdiction and venue is improper here. To the extent the Court does not dismiss, it should transfer the case to the Northern District of Texas (Dallas Division) under 28 U.S.C. § 1404(a).

Finally, Respondents note that some out-of-circuit courts lock on to the "moment of filing" to determine the transferee court, and thereby transfer cases to other districts that are also not the current district of confinement. However, such a rule does not comport with the Fourth Circuit's holding in *Poole*, which explained that a "hiatus to another jurisdiction" does not create a new "immediate custodian" or change the "district of confinement" for the purposes of § 2241(a). *Poole*, 531 F.3d at 273-75. In such circumstances, dismissal without prejudice to refiling is the more appropriate route, as the Court need only decide that the petition is not properly brought in this district. *E.g.*, *Fuentes*, 2024 U.S. Dist. LEXIS 105474, at *30; *Mendez*, 2016 U.S. Dist. LEXIS 61623, at *18; *Gonzalez*, 152 F. Supp. 3d at 47. But if the Court follows that rule here, the transferee court under that rule would be the Western District of Louisiana (Alexandria Division) because Suri was detained at the Alexandria Staging Facility at the time of his petition, even though he is no longer detained there, his detention there was not to exceed 72 hours, and his original § 1231(g) determination from March 17, 2025 was to be detained in Texas. Simon Decl. ¶ 9; Simon Decl., Exh. 1.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this habeas petition without prejudice to refiling in the proper district or transfer the matter to the Northern District of Texas (Dallas Division).

DATE: April 1, 2025

ERIK S. SIEBERT
*United States Attorney*

By: /s/
ELIZABETH SPAVINS
*Assistant U.S. Attorney*
CHRISTIAN COOPER
*Special Assistant U.S. Attorney*
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3785
Fax: (703) 299-3983
Lizzie.Spavins@usdoj.gov
Christian.Cooper@usdoj.gov

Respectfully Submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*
Civil Division

DREW C. ENSIGN
*Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court National Security Section

YAMILETH G. DAVILA
*Assistant Director*

*/s/ David J. Byerley*
DAVID J. BYERLEY
*Trial Attorney* (DC Bar #1618599)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court National Security Section
P.O. Box 868, Benjamin Franklin Station
Washington, D.C. 20044
202-532-4523 | David.Byerley@usdoj.gov